# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Brandon Garwood,

     Plaintiff,

vs.

Sun Life Assurance Company of
Canada

     Defendant.

Case No. 0:22-cv-1918

**COMPLAINT**

Plaintiff, for his Complaint against Defendant, states and alleges:

1.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq.*

2.  Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Sun Life Assurance Company of Canada may be found in this district. In particular, Sun Life Assurance Company of Canada is registered as a corporation with the State of Minnesota, conducts ongoing business with

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

Minnesota residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3.   On information and belief, Defendant Sun Life Assurance Company of Canada insures the employee benefit plan ("Plan") that PIE Consulting & Engineering, Inc. created and maintains to provide its employees with income protection should they become disabled.

4.   On information and belief, Defendant Sun Life Assurance Company of Canada is a corporation organized and existing under the laws of the State of Massachusetts for Sun Life Assurance Company of Canada, and is the insurer and claims administrator for the Plan.

5.   Plaintiff is a resident and citizen of the United States, an employee of PIE Consulting & Engineering, Inc and a participant in the Plan.

6.   As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7.   On information and belief, Plaintiff was covered at all relevant times under group disability policy number 934112-001 which was issued by Sun Life Assurance Company of Canada to PIE Consulting & Engineering, Inc to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8.  On information and belief, Sun Life Assurance Company of Canada both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Sun Life Assurance Company of Canada has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9.  Sun Life Assurance Company of Canada's interest in protecting its own assets  influenced its decision to deny Plaintiff's application for disability benefits.

10.     The Plan is an ERISA welfare benefit plan.

11.     Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12.     Plaintiff became disabled under the terms of the Plan's policy on or about April 24, 2020 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13.     Plaintiff submitted a timely claim to Sun Life Assurance Company of Canada for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict **must be weighed as a factor** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14.     Sun Life Assurance Company of Canada granted Plaintiff's claim for short-term disability benefits, and paid Plaintiff benefits until July 31, 2020. However, on September 17, 2020 Sun Life Assurance Company of Canada denied Plaintiff's long-term disability benefits. Plaintiff appealed Sun Life Assurance Company of Canada's decision, but Sun Life Assurance Company of Canada denied Plaintiff's appeal on June 10, 2022.

15.     Plaintiff provided Sun Life Assurance Company of Canada with substantial medical and legal evidence demonstrating he was eligible for disability benefits.

16.     Sun Life Assurance Company of Canada's decision to deny disability benefits was unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

a. Sun Life Assurance Company of Canada failed to have Plaintiff independently examined;

b. Sun Life Assurance Company of Canada ignored obvious evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

c. Sun Life Assurance Company of Canada ignored and/or misrepresented the opinions of Plaintiff's treating physicians.

17.     The decision to deny benefits was wrong under the terms of the

Plan.

18.     The decision to deny benefits was not supported by substantial

evidence in the record.

19.     Sun Life Assurance Company of Canada's failure to provide

benefits due under the Plan constitutes a breach of the Plan.

20.     Sun Life Assurance Company of Canada's failure to provide

Plaintiff with disability benefits has caused Plaintiff to be deprived of those

benefits from July 31, 2020 to the present. Plaintiff will continue to be deprived

of those benefits, and accordingly will continue to suffer future damages in an

amount to be determined.

21.     Sun Life Assurance Company of Canada's denial of benefits under

the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this

action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs

and fees.

22.     A dispute now exists between the parties over whether Plaintiff

meets the definition of "disabled" under the terms of the Plan. Plaintiff requests

that the Court declare he fulfills the Plan's definition of "disabled," and is

accordingly entitled to all benefits available under the Plan. Plaintiff further

requests reimbursement of all expenses and premiums he paid for benefits

under the Plan from the time of denial of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Sun Life Assurance Company of Canada to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of denial of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated: August 1, 2022                    RESPECTFULLY SUBMITTED,

                                         By: /s/ Zachary Schmoll

                                         Zachary Schmoll (MN Bar # 0396093)
                                         **FIELDS LAW FIRM**
                                         9999 Wayzata Blvd
                                         Minnetonka, MN 55305
                                         Office: 612-370-1511
                                         Zach@Fieldslaw.com

                                         *Attorneys for Plaintiff*